UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EUGAR D. BURNETT, | ) |
| Movant, | ) |
| vs. | ) Case No. 4:05CV1020 JCH |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon Movant Eugar Burnett's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), filed June 24, 2005. (Doc. No. 1). In its response, the government maintains Movant's § 2255 Motion must be denied as untimely. (Government's Motion to Dismiss, Doc. No. 3).

28 U.S.C. § 2255 carries one-year statute of limitations:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Movant submitted a photocopy of a letter, dated June 28, 2004, from the clerk of the Supreme Court stating that his petition for certiorari was denied. (Doc. No. 1, attached exh.1; paper copy on file with the Clerk of the Court). The government filed a motion to dismiss, asserting that the petition for certiorari was actually denied on June 1, 2004.[1] (Doc. No. 3). If the petition for certiorari was denied on June 1, and not June 28, the § 2255 Motion must be dismissed as untimely. 28 U.S.C. § 2255.

To determine the authenticity of the letter dated June 28, the government filed a motion for discovery, requesting Movant produce the original letter. (Doc. No. 7). The Court granted this motion on October 4, 2005. Movant did not produce the letter. On January 13, 2006, the government filed a motion to compel, asking the Court to compel Movant to produce the original letter for inspection. (Doc. No. 8). The Court ordered Movant to send the original copy of the letter to the Court for determination of its authenticity. (Doc. No. 9). The Order also stated that failure to comply might result in the Court's striking the letter. Movant never provided the letter to the Court or to the government. Because Movant failed to comply with the Court order, the Court will strike the letter. Fed. R. Civ. P. 37(b)(2) ("If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ... (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence").

---

[1] In support, the government filed three documents: a letter to Mr. Burnett from the Clerk of the Supreme Court, dated June 1, 2004; the order denying Mr. Burnett's petition, dated June 1, 2004; and the docket entry from the Supreme Court, indicating that the petition was denied on June 1, 2004. (Doc. No. 3, attached exhs. 2, 3, 4). The official published and legal database entries also show a date of June 1, 2004. <u>Burnett v. United States</u>, 541 U.S. 1080, 124 S.Ct. 2432, 158 L.Ed.2d 996 (June 1, 2004).

According to the exhibits provided by the government, the petition for writ of certiorari was denied on June 1, 2004. Movant's § 2255 Motion was filed on Jun 24, 2005. (Doc. No. 1). Under Eighth Circuit law, Movant's conviction became final when the Supreme Court denied certiorari, and he had one year from that date to file his § 2255 Motion. See United States v. McIntosh, 332 F.3d 550 (8th Cir. 2003), citing 28 U.S.C. § 2255(1)-(4) (absent impediment created by governmental action, newly recognized right, or newly discovered facts, one-year period of limitation runs from date on which judgment of conviction becomes final); Sweet v. Delo, 125 F.3d 1144, 1155 (8th Cir. 1997) (Supreme Court's denial of certiorari fixes point of finality of conviction); United States v. Marcello, 212 F.3d 1005, 1008 (7th Cir. 2000) (conviction became final, thus triggering one-year limitations period for § 2255 motion, on date Supreme Court denied certiorari petition following direct appeal, and not on date denial of certiorari was filed and docketed with court of appeals).

In response to the motion to dismiss, Movant argues that the Court should equitably toll the period of limitations because "while it may be true that the certiorari petition was denied on June 1, 2004, the petitioner was notified by the Supreme Court clerk that the petition was denied on June 28, 2005."[2] (Doc. No. 5 ¶ 3). The doctrine of equitable tolling does not apply here. "[E]quitable tolling is appropriate where 'extraordinary circumstances' beyond a prisoner's control prevent timely filing." United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005). It should only apply "where the petitioner or movant has demonstrated diligence in pursuing the matter." Martin, 408 F.3d at 1095. Movant alleges no extraordinary circumstances or diligence. There is no dispute that he knew of the denial of certiorari for at least eleven months but did not file his § 2255 motion. In addition, Movant's argument relies on a misreading of the statute. The limitation period for 28 U.S.C. § 2255

---

[2] The Court believes that this is a typographical error, and is meant to read June 28, 2004. The letter is dated June 28, 2004, and all other mention of the letter in Movant's response state that it was dated June 28, 2004.

"shall run from the latest of— (1) the date on which the judgment of conviction becomes final..." 28 U.S.C. § 2255, not when he learned of the finality of the conviction. Movant's conviction was final on June 1, 2004, when his petition for a writ of certiorari was denied.

Upon consideration of the foregoing, the Court finds that Movant's period of limitations for filing his § 2255 Motion expired on June 1, 2005. As stated above, Movant did not file his § 2255 Motion until June 24, 2005. Movant's § 2255 motion will therefore be dismissed as untimely.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

Dated this 10th day of July, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE